**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SULAYMAN SARR,

        Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

        Respondent.

No. 24-5264

Agency No.
A096-837-307

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2026
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO, District
Judge.[**]

      Petitioner Sulayman Sarr petitions for review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from an immigration judge's

(IJ's) denial of his claims for asylum, withholding of removal under the

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable Kiyo A. Matsumoto, United States District Judge for
the Eastern District of New York, sitting by designation.

Immigration and Nationality Act (INA) and under the Convention Against Torture (CAT), and deferral of removal under CAT. We analyze Sarr's claims for asylum and withholding of removal in an accompanying opinion. Here we address his claim for deferral of removal under CAT.

Because Sarr raised his challenge to the denial of CAT relief together with a challenge to his final order of removal, *see Navarrete v. Bondi*, 170 F.4th 1214, 1221–22 (9th Cir. 2026), we have jurisdiction to review his factual challenges to the agency's denial of CAT relief, *see Nasrallah v. Barr*, 590 U.S. 573, 587 (2020). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). "We review legal questions . . . *de novo*" and "factual findings . . . under the substantial evidence standard." *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024). Substantial evidence means the agency's "findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.     Sarr argues that, in denying his claim for deferral of removal under CAT, the BIA committed legal errors and failed to consider all the evidence before it. "To receive deferral of removal under . . . CAT, an applicant must establish that 'it is more likely than not that he or she would be tortured if removed.'" *Hernandez v.*

*Garland*, 52 F.4th 757, 768–69 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)).

"To constitute torture, an act must inflict 'severe pain or suffering,' and it must be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'" *Id.* at 769 (quoting 8 C.F.R. § 1208.18(a)(1)). "Demonstrating torture requires a much greater showing of harm than demonstrating persecution, itself 'an extreme concept.'" *Id.* (quoting *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021)). And "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021).

Sarr contends that the BIA applied the wrong definition of "torture" because the BIA considered only physical harm and did not contemplate Sarr's severe mental pain or suffering. But before the agency, Sarr never claimed that he experienced "prolonged mental harm caused by or resulting from . . . [t]he threat of imminent death." 8 C.F.R. § 1208.18(a)(4), (a)(4)(iii). In any event, the agency reasonably considered the alleged August 2020 death threat as "evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3). And the record evidence did not compel a finding different from the agency's finding that the evidence was insufficient to show a likelihood of Sarr's torture upon his return to The Gambia.

2.      Sarr also argues that the BIA disregarded important aspects of Sarr's testimony and failed to give reasoned consideration to unrebutted third-party

reports on country conditions in The Gambia. But there is no "indication that the BIA overlooked relevant evidence," such as "misstating the record or failing to mention highly probative or potentially dispositive evidence," especially "[w]hen read alongside the IJ's multi-page CAT analysis." *Park v. Garland*, 72 F.4th 965, 979–80 (9th Cir. 2023) (quoting *Hernandez*, 52 F.4th at 771–72). The agency did not "fully credit [Sarr's] versions of events because by his own testimony they seem to be based on some assumptions about what happened." The agency explained that the "one isolated incident" in August 2020 was insufficient to show a likelihood of Sarr's future torture. The IJ also found that Sarr had introduced "no proof" about the other alleged incidents postdating the August 2020 visit. Based on the record evidence, including the country conditions reports, the agency was not compelled to find that the Gambian government is likely to acquiesce in Sarr's torture upon his return. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

**PETITION DENIED.**[1]

---

[1] Sarr's motion to stay removal (Dkt. No. 2) and his supplemental motion to stay removal (Dkt. No. 25) are denied as moot. The temporary stay of removal is lifted.